J. S21032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEROME JOHNSON, | : | No. 553 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 9, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-11983-2012

BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED AUGUST 19, 2019**

Jerome Johnson appeals from the February 9, 2018 order entered in the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following procedural history:

> On April 24, 2014, following a bench trial[Footnote 1] before the Honorable Chris R. Wogan, [a]ppellant was convicted of robbery, aggravated indecent assault, possessing an instrument of crime ("PIC") and simple assault.[1][Footnote 2]  Judge Wogan subsequently imposed a sentence of 42-120 months' incarceration, followed by 5 years' probation.  Appellant filed a direct appeal[Footnote 3] in the Superior Court, which affirmed the judgment of sentence on November 13, 2015.

---

[1] 18 Pa.C.S.A. §§ 3701, 3125(a), 907 and 2701, respectively.

[Footnote 1] Appellant was represented at trial by Louis T. Savino, Esquire.

[Footnote 2] Judge Wogan also acquitted him of numerous other offenses, including, **inter alia**, VUFA offenses.

[Footnote 3] Appellant was represented on appeal by Peter A. Levin, Esquire.

Appellant did not seek discretionary review, but instead filed a timely PCRA petition on February 22, 2016. PCRA counsel, John P. Cotter, Esquire, was appointed, and subsequently filed amended/ supplemental petitions alleging: (1) ineffectiveness of trial counsel for failing to object to the playing of hearsay 911 tapes; (2) ineffectiveness of trial counsel for failing to request a mistrial based on prosecutorial misconduct for referencing the complainant as "terrified"; and (3) ineffectiveness of appellate counsel for waiving all issues on appeal that could have been addressed by the Superior Court.

In an abundance of caution, on December 8, 2017, the Court held a hearing regarding [appellant's] claims.[2] Upon determining that [a]ppellant's claims were without merit, the Court entered an Order on

---

[2] We note that the PCRA court did conduct a hearing on December 8, 2017. A review of the hearing transcript demonstrates that the purpose of the hearing was to take testimony of direct appeal counsel. (**See** hearing transcript, 12/8/17 at 4.) Appellant stated that his motion requesting an evidentiary hearing related to his claim of trial counsel ineffectiveness had been denied. (**See id.**) However, a review of the record does not establish that this motion was, in fact, denied. At the hearing, appellant presented a "Stipulation of Testimony of Peter A. Levin, Esq." stating that had direct appeal counsel testified at the hearing, he would have stated that the claims relating to the inadmissibility of the 911 call and prosecutorial misconduct had merit. (**See** "Stipulation of Testimony of Peter A. Levin, Esq.," 12/8/17 (full capitalization removed).) Trial counsel did not testify at the hearing nor was a similar stipulation of his testimony presented. Appellant did, however, present an oral argument on the issue of merit as to his underlying claims of inadmissibility of the 911 call and the alleged prosecutorial misconduct. (**See** hearing transcript, 12/8/17 at 6-8.)

February 9, 2018, denying PCRA relief. This timely appeal followed.

PCRA court opinion, 11/7/18 at 1-2.

The PCRA court directed appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

I.     D[id] the trial court err in denying appellant an evidentiary hearing when the appellant raised a material issue of fact that trial defense counsel was ineffective in failing to object to improper hearsay evidence introduced at trial?

II.    Did the trial court err in denying [appellant] an evidentiary hearing when appellant raised a material issue of fact that trial defense counsel failed to request a mistrial when the prosecutor told the trial court that the complaining witness was terrified?

Appellant's brief at 2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record

could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions ***de novo***. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (***en banc***). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. ***See Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001).

Instantly, appellant's claims assert ineffectiveness of trial counsel. (Appellant's brief at 2.)

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. ***Commonwealth v. Rollins***, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. ***See Commonwealth v. Travaglia***, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. ***Id***. . . . Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that [appellant's] evidence fails to meet any of these prongs.

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007) (some citations omitted). "[C]ounsel cannot be deemed ineffective for failing to raise

a meritless claim." ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015).

Here, appellant first claims that trial counsel was ineffective for failing to object to the admissibility of the 911 tape. Appellant argues that the 911 tape did not fall under the present sense impression exception or the excited utterance exception to the rule against hearsay "because one half hour elapsed from the time of the incident to the time of reporting it which means that the call was not made contemporaneous with the incident and the witness had time to reflect about what happened before he reported it." (Appellant's brief at 6.) In support, appellant cites to ***Harris v. Toys "R" Us-Penn, Inc***., 880 A.2d 1270 (Pa.Super. 2005), but entirely fails to explain its applicability. (Appellant's brief at 6.) In fact, appellant's "argument" on the first prong of the ineffectiveness test consists of three sentences which entirely fail to establish that his underlying claim has arguable merit. Consequently, this claim of ineffectiveness fails.[3]

Appellant next claims that trial counsel was ineffective for failing to request a mistrial when the prosecutor informed the trial court that the complaining witness "did not want to be here and was terrified." (Appellant's

---

[3] We note that with respect to the prejudice prong, appellant claims that if the evidence had not been admitted at his waiver trial, "the verdict may have been more favorable." (Appellant's brief at 7.) Appellant's speculation falls far short of establishing that "but for the act or omission in question, the outcome of the proceedings would have been different." ***See Washington***, 927 A.2d at 594 (citations omitted). Therefore, appellant's ineffectiveness claim would have also been denied for failure to establish prejudice.

brief at 9.) Appellant's seeming argument as to why this claim has arguable merit is:

> [T]here was no reason at all to say that to the trial court, who was the fact finder in the case, and [appellant] was prejudiced because he was denied a fair trial because the trial court could improperly infer that [appellant] was guilty because the complainant was afraid of him.

*Id.*

Once again, appellant has entirely failed to establish that his underlying claim has arguable merit. Consequently, this claim of ineffectiveness equally fails.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/19

---

[4] We note that with respect to the prejudice prong, appellant claims that appellant "was prejudiced by counsel's failure to move for mistrial because this statement of the prosecutor was allowed to be considered by the trial court in rendering a decision in the case." (Appellant's brief at 9.) This reason falls far short of establishing that "but for the act or omission in question, the outcome of the proceedings would have been different." *See Washington*, 927 A.2d at 594 (citations omitted). Therefore, appellant's ineffectiveness claim would have also been denied for failure to establish prejudice.